### GREEN VALLEY SCHOOL, Inc. v. COWLES FLORIDA BROADCASTING, Inc. et al.

No. 73-572-01.

Circuit Court, Volusia County.

August 12, 1977.

Craig T. James of Clayton & James, DeLand, for the plaintiff.

Dan Paul of Paul & Thompson, Miami, and Harry Anderson of Anderson & Leklem, Orlando, for the defendants.

JAMES T. NELSON, Circuit Judge.

*Summary final judgment:* This cause came on for hearing on defendants' second motion for summary judgment on August 12, 1977, the hearing date having been agreed to by all the parties. Since the hearings in 1974 on defendants' original motion for summary judgment considerable additional discovery has been conducted relating to the points raised by the First District Court of Appeal as to which the district court indicated there were issues of material fact in the record as it existed at that time. In addition, since the date of the First District Court of Appeal's opinion the Florida Supreme Court has decided *Florida Publishing Company v. Fletcher,* 340 So.2d 914 (Fla. 1976). At the hearing on this second motion it appears all relevant evidence has now been discovered and analyzed and there is no longer any genuine issue as to any material fact and in particular no issue as to the following controlling facts —

1. Plaintiff was a public figure within the meaning of *Gertz v. Welch,* 418 U. S. 323 (1974).

2. The telecasts were prepared and telecast by defendants without actual malice as that term is defined in *New York Times v. Sullivan,* 376 U. S. 254 (1964), and its progeny.

3. Defendants' entry upon plaintiff's property in the company of law enforcement officials for the purpose of reporting a news event was pursuant to common custom and usage as defined in *Florida Publishing Company v. Fletcher,* supra.

4. The telecast by defendants concerned matters of general or public interest, *Fletcher,* supra.

5. Defendants did not participate in any conspiracy against plaintiff and in fact there was no such conspiracy.

Therefore, the court finds plaintiff has no cause of action for libel, slander, or defamation, invasion of privacy, trespass, or conspiracy and defendants are entitled to a summary judgment in their favor as a matter of law.

It is ordered that final judgment is hereby entered in favor of defendants Cowles Broadcasting, Inc., formerly Cowles Florida Broadcasting, Inc., Emmett Rozier and Dean Todd, and against plaintiff Green Valley School, Inc., and this action is dismissed with prejudice as to all counts of the complaint as amended.